**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Mosab Kevin Aldwaik,

Plaintiff,

vs.

Sears, Roebuck and Co.,

Defendant.

Case No. 01-CV-1839 DSD/JMM

**STIPULATION AND ORDER TO AMEND THE ANSWER**

The parties hereto, by and through their respective counsel of record, hereby stipulate and agree that Defendant Sears, Roebuck and Co. be granted leave to Amend its Answer in the above-captioned matter. The amendment shall be consistent with Exhibit 1 attached to the Proposed Order.

Date: February 20, 2002

**LITTLER MENDELSON, P.C.**

By: ______________________

Andrew J. Voss (MN #241556)
Shannon M. Magill (MN #0306708)
Multifoods Tower
33 South 6th Street, Suite 3110
Minneapolis, Minnesota 55402.3720
Telephone: 612.630.1000
Facsimile: 612.630.9626

**ATTORNEYS FOR DEFENDANT SEARS, ROEBUCK AND CO.**

FILED FEB 22 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

Date: February 18th, 2002

**LAW OFFICES OF**
**SIVERTSON AND BARRETTE, P.A.**

By: ______________________
Alf E. Sivertson (MN #122233)
The Barrister Building
1465 Arcade Street
St. Paul, MN 55106
Telephone: 651.778.0575

**ATTORNEYS FOR PLAINTIFF**
**MOSAB KEVIN ALDWAIK**

**ORDER**

Pursuant to the Stipulation of the Parties as set forth above, and good cause appearing, in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1. Defendant is granted leave to amend its Answer consistent with Exhibit 1 attached hereto.

2. Said Amended Answer shall be filed promptly.

3. The allegations in the Amended Answer are deemed denied. No further service, nor any further pleading, is required or permitted.

Dated: February 22, 2002

JOHN M. MASON
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Mosab Kevin Aldwaik,

Plaintiff,

vs.

Sears, Roebuck and Co.,

Defendant.

Case No. 01-CV-1839 DSD/JMM

**FIRST AMENDED ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES**

Defendant, Sears, Roebuck and Co. ("Defendant"), as and for its First Amended Answer to the Complaint of Mosab Kevin Aldwaik ("Plaintiff") states and alleges as follows:

## COUNT ONE

I. Defendant admits that it is a corporation lawfully doing business in the state of Minnesota. Defendant lacks sufficient information with which to form a belief as to the truth or falsity of the remaining allegations contained in paragraph I of Plaintiff's Complaint, and accordingly, denies same.

II. Defendant admits that Plaintiff worked for Sears Auto Center from approximately June 6, 1999 until June 6, 2001 as a Sales Associate and Assistant Auto Center Manager. Defendant denies any and all remaining allegations contained in paragraph II of Plaintiff's Complaint.

III. Defendant admits that Plaintiff has brought an action against Defendant alleging violations of the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363.01 *et seq.* Defendant denies that it has engaged in any conduct in violation of the MHRA, or engaged in any other unlawful conduct relating to Plaintiff or his employment relationship with Defendant,

or the termination of that employment. Defendant denies any and all remaining allegations contained in paragraph III of Plaintiff's Complaint.

VI [sic]. Defendant denies any and all allegations contained in paragraph VI [sic] of Plaintiff's Complaint.

Except as expressly admitted or otherwise qualified in this Answer, Defendant denies each and every allegation contained in the Complaint.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted for recovery under Minnesota Human Rights Act, or Minnesota common law, including without limitation, any claim for national origin discrimination.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or administrative prerequisites to filing suit.

3. Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of waiver, estoppel, laches and unclean hands.

4. Plaintiff's complaint for relief must fail to the extent that Plaintiff has failed to mitigate his damages, if any, as required by law.

5. Defendant, at all times relevant to this action, acted in good faith and in full compliance with the applicable laws.

6. Employment decisions about which Plaintiff complains were based upon legitimate, business-related reasons and not a discriminatory or retaliatory animus.

7. If Plaintiff has been damaged as alleged, his damage has been caused by his own intentional or negligent acts or omissions, or by intentional or negligent acts or omissions of those other than Defendant, or for which Defendant is not responsible.

8. To the extent Plaintiff has failed to exhaust or satisfy the jurisdictional, procedural, or administrative prerequisites for filing this civil action, his claims for relief are barred.

9. In so far as Plaintiff seeks to recover relief for (1) alleged incidents occurring prior to the applicable limitations period for filing an administrative Charge, (2) alleged incidents of discrimination not listed in any Charge, or (3) a complaint against a defendant not named in the administrative Charge, Plaintiff may not recover any relief for such incidents and alleged discrimination.

10. Plaintiff has requested relief not authorized by the laws on which he purports to rely.

11. Plaintiff's Complaint fails to the extent it is barred by the doctrine of preemption.

12. Plaintiff's Complaint fails to state facts sufficient to state a claim that would support an award of compensatory or punitive damages against Defendant.

13. Evidence acquired subsequent to Plaintiff's filing of the Complaint bars and/or limits the amount of damages Plaintiff can recover on his claims.

**WHEREFORE,** Defendant, Sears, Roebuck and Co., demands judgment against Plaintiff:

a. Dismissing the Complaint, with prejudice and on the merits;

b. Awarding Defendant its costs, disbursements and attorneys' fees incurred in defending this action;

c. Ordering such other relief as the court deems just and equitable.

Date:__________________, 2002.

**LITTLER MENDELSON, P.C.**

By: ______________________________

Andrew J. Voss (MN # 241556)
Shannon M. Magill (MN #0306708)
Multifoods Tower
33 South 6th Street, Suite 3110
Minneapolis, Minnesota 55402.3720
Telephone: 612.630.1000
Facsimile: 612.630.9626

**ATTORNEYS FOR DEFENDANT SEARS, ROEBUCK AND CO.**